UNITED STATES DISTRICT COURT
DISTRICT OF MAINE, PORTLAND

| | |
|---|---|
| ELR CARE MAINE, LLC, <br><br> Plaintiff / Appellant <br><br> -vs- <br><br> PROGRESSIVE MANAGEMENT SYSTEMS, LLC, <br><br> and <br><br> DEPARTMENT OF HEALTH & HUMAN SERVICES, <br><br> Defendants / Appellees | Docket No. CV-14- |

## NOTICE OF APPEAL

Now comes Plaintiff / Appellant ELR Care Maine, LLC (hereinafter "ELR Care") and hereby appeals the decision of Administrative Law Judge Kessel, dated November 17, 2014, essentially holding that ELR Care lacks standing to appeal Defendant / Appellee Department of Health & Human Services' (hereinafter "DHHS") termination of its Provider Agreement with the ELR Care.  Attached hereto and labeled "Exhibit A" is a copy of that decision.

## JURISDICTION

1.     This appeal is taken pursuant to Title 42 USC §§1395cc (h)(1)(A) and 405 (g), and Title 5 USC §§702 - 704.

2. This court has jurisdiction over this appeal pursuant to Title 42 USC §§1395cc (h)(1)(A) and 405 (g).

## PARTIES

3. ELR Care is a Maine limited liability company which owns the nursing home business in Penobscot, Maine, called the Penobscot Nursing Home (hereinafter "PNH"). The Plaintiff's principal place of business is in Westbrook, Maine.

4. Defendant / Appellee Progressive Management Systems, LLC (hereinafter "Progressive") is a New Hampshire limited liability company which is the court appointed receiver over ELR Care's facilities, including PNH.

5. DHHS is an agency of the federal government, with an office in Boston, Massachusetts, and which regulates the PNH facility in Penobscot, Maine.

## BACKGROUND

6. ELR Care purchased the PNH business from Wendell Dennison in May of 2006.

7. Prior to that date, Dennison entered into a written "Provider Agreement" with DHHS.

8. Pursuant to that Provider Agreement, Dennison was to provide nursing home services for Medicare recipients in accordance with DHHS regulations.

9. Pursuant to that Provider Agreement, DHHS was to pay Medicare benefits to Dennison for the services provided to Medicare residents.

10. When ELR Care purchased PNH from Dennison, his Provider Agreement with DHHS was assigned to ELR Care.

11. In October of 2008, all of ELR Care's facilities - including PNH - were placed

under receivership by the Maine Superior Court, by petition of the Maine Department of Health and Human Services.

12. In September of 2013 Progressive replaced the prior receiver, and became the new court appointed receiver to operate ELR Care's facilities.

13. In the first half of 2014, the Maine Department of Human Services conducted several "surveys" at PNH, and found that PNH was not in compliance with DHHS' regulations in a number of ways.

14. On June 11, 2014, DHHS wrote Progressive's administrator at PNH a letter and told her that she had until June 16 to file an acceptable plan of correction and to remedy the deficiencies.

15. Progressive submitted a plan of correction on June 16, but DHHS determined that the plan was unacceptable.

16. On June 18 DHHS wrote Progressive's administrator at PNH a letter and announced that DHHS was terminating ELR Care's Provider Agreement, effective July 4, 2014.

17. Pursuant to 42 CFR §§489.53 and 498, ELR Care had until August 13 to appeal DHHS' decision to terminate its Provider Agreement.

18. ELR Care mailed its notice of appeal to DHHS on August 8.

19. ELR Care's notice of appeal was received by DHHS on August 13.

20. However, DHHS rejected ELR Care's notice of appeal, stating that ELR Care could not file a notice of appeal because the attorney for the receiver (Progressive) had already filed a request for extension of time to file a request for a hearing

[which DHHS denied].

21. On August 23 counsel for ELR Care wrote DHHS and explained that DHHS' Provider Agreement was with ELR Care, so ELR Care was the party with the legal right to file for an appeal, not Progressive.

22. Judge Kessel ordered ELR Care and Progressive to brief the issue of whether ELR Care had the right to appeal DHHS' decision to terminate ELR Care's Provider Agreement.

23. After reviewing the parties' briefs, on November 17 Judge Kessel rendered his decision that ELR Care does not have the legal right to appeal DHHS' decision to terminate its Provider Agreement.

24. ELR Care hereby appeals that decision, and maintains that under 42 CFR §§489.53(e) and 498.5(b) ELR Care has the right to appeal DHHS' decision to terminate ELR Care's Provider Agreement.

WHEREFORE, ELR Care asks the court to reverse Judge Kessel's November 17, 2014 decision, and remand the case to Judge Kessel to hear ELR Care's appeal of the termination of its Provider Agreement.

Dated: December 9, 2014

/s/ Stephen C. Whiting
Stephen C. Whiting,   Bar No. 559
Attorney for the Plaintiff / Appellant

The Whiting Law Firm, 75 Pearl Street, Suite 207, Portland, ME 04101   (207) 780-0681